UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAVIS LEE SULLIVAN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:18CV1201 DDN ) |
| JULIA CHILDREY, | ) ) |
| Respondent. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, a pretrial detainee at St. Louis County Justice Center, has filed his petition on the grounds that (1) he was arrested without a warrant, (2) he has been deprived of due process in his pretrial criminal procedures, (3) he has not met face to face with an accuser, and (4) he has not waived his rights guaranteed by the Constitution.[1] The petition will be summarily dismissed.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis.

---

[1] Petitioner has been charged in two separate criminal proceedings. *See State v. Sullivan*, No. 18SL-CR04665 and *State v. Sullivan*, No. 18SL-CR06732. Both of these proceedings are currently being tried in St. Louis County Court.

1

1999). Courts have found that special circumstances existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy).

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies. Petitioner's allegations are conclusory and do not contain any facts, which if proved, would demonstrate that he has been deprived of the right to a speedy trial or that he has been put in double jeopardy. Additionally, the claims raised by petitioner can be adequately raised at trial and in subsequent state proceedings. As a result, the Court will deny the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **DENIED AS MOOT** as petitioner has paid the $5 filing fee.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of September, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE